## CIRCUIT COURT OF THE CITY OF RICHMOND

Sylvester A. Hartfield, Jr.

v.

Liberty Mutual Ins. Co. et al.

June 28, 1993

Case No. LS-4038–1

BY JUDGE MELVIN R. HUGHES, JR.

This is a declaratory judgment action brought by plaintiff against three insurance companies, John Doe and others claiming the benefit of uninsured motorist insurance coverage growing out of a shooting incident on a highway involving a rental vehicle. After the last hearing, the Court advised that it would consider the question presented by the parties' motions for summary judgment and partial summary judgment: whether the actions of John Doe arise out of the ownership, maintenance, or use of a motor vehicle.

According to the agreed facts for purposes here, plaintiff was operating the rented vehicle on Interstate 95 in Richmond on March 4, 1990. While traveling on that road at highway speed, an unknown driver (John Doe) came alongside plaintiff's vehicle. A shot then came from the John Doe vehicle striking plaintiff in the head causing serious injury. The John Doe vehicle then left the scene.

Each of the three insurance policies has a provision similar to the one set out in the policy issued by Liberty Mutual, one of the defendants named herein. That provision provides:

> [W]e will pay in accordance with the Virginia Uninsured Motorist Law all the sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured or property damage, caused by an accident. The owner's or driver's liability for these damages

must result from the ownership, maintenance, or use of the uninsured vehicle.

The language "ownership, maintenance, or use" is in line with that used in § 38.2-2206(A), Code of Virginia of 1950, as amended. The statute refers to no policy of insurance relating to "ownership, maintenance, or use of a motor vehicle" can issue in Virginia unless it contains an uninsured motorist endorsement.

It cannot be disputed that the plaintiff experienced an "accident" within the meaning of the policy language because he sustained the gunshot which was unexpected and unforeseen while operating the vehicle. The cases in Virginia and elsewhere which deal with the question of vehicle "use" turn on whether there was a causal connection between the accident and employment of the vehicle as a vehicle. *State Farm Mutual Ins. Co. v. Powell*, 227 Va. 492 (1984). The Court finds such a causal connection exists in this case.

The stipulated facts suggest that the vehicle in use by John Doe was more than a mere situs of the injury. See *State Farm Mut. Auto. Ins. Co. v. Powell*, 227 Va. 492 (1984). Because John Doe's vehicle came alongside plaintiff's vehicle and a shot came from that vehicle and the John Doe vehicle left the scene immediately thereafter shows that the vehicle was the instrumentality through and by which the shooting occurred. *State Farm Mut. Auto Ins. Co. v. Rice*, 239 Va. 646 (1940). Both plaintiff and John Doe were occupying vehicles separately, traveling on the highway, when the shooting incident occurred. *Ganiron v. Hawaii Ins. Guar. Ass'n*, 744 P.2d 1210 (1987).

While the defendants place heavy reliance on *Bell v. State Farm Auto Ins. Co.*, 19 Va. Cir. 226 (1990), the facts there are distinguishable from the case at bar because in *Bell*, the automobile was only incidentally involved in the incident. In *Bell* one Carver posed as a potential buyer of Bell's car. Carver took the car for a test drive with Bell as a passenger. While driving, Carver shot and killed Bell, disposed of his body in a ditch, and stole the car. The court denied uninsured motorist coverage, finding that the injury was not causally connected to the use of the vehicle, that the shooting was totally disassociated from the normal use of a vehicle. Here, the vehicle was the instrumentality and was the accessory for inflicting the injury because the shooting would not have occurred but for the placement of the vehicles then moving. The shot then hit plaintiff, and the vehicle then provided the means to leave the scene.

Accordingly, plaintiff's summary judgment motion is granted in this respect while those of the defendants are denied.